BRINK *v.* J. W. WELLS LUMBER CO.

MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — ACCI-
DENTAL INJURIES RECEIVED ON EMPLOYER'S PREMISES WHILE
LEAVING, WITHIN ACT.

> Where an employee, after punching the clock at the close
> of a day's work, when nothing remained to be done but
> to leave the premises, which were inclosed by a fence,
> while following a customary and permitted route across
> the premises to a gate by which he intended to leave the
> premises, within a reasonable time, fell and was injured,
> the accident is *held,* to have arisen out of and in the
> course of his employment within the meaning of the work-
> men's compensation act.[1]

Certiorari to Department of Labor and Industry.
Submitted October 23, 1924. (Docket No. 135.) De-
cided December 10, 1924.

Alfred Brink presented his claim for compensation
against the J. W. Wells Lumber Company for an ac-
cidental injury in defendant's employ.    From an order
awarding compensation, defendant and the Employers
Mutual Liability Insurance Company, insurer, bring
certiorari.    Affirmed.

*Ray Derham,* for appellants.

*John J. O'Hara (Matt F. Bilek,* of counsel), for ap-
pellee.

Insisting that plaintiff employee's accidental per-
sonal injury did not arise out of and in the course of
the employment, defendants, on certiorari, seek to set
aside the award.

Employer's premises, devoted to its business, were

[1] Workmen's Compensation Acts, § 72.
On injuries received by employee while going to and from
work, as injuries "arising out of and in the course of the em-
ployment," see notes in L. R. A. 1916A, 331; L. R. A. 1917D, 119;
L. R. A. 1918F, 907.
On right to compensation where injury results from doing
prohibited act, see note in 7 B. R. C. 159; L. R. A. 1918F, 914.

inclosed by a fence, in which were at least four gates opening upon a public highway adjoining the premises on the west. There were within the inclosure a factory building and a warehouse, about 125 feet apart. Leaving the warehouse, where he worked, plaintiff walked across the intervening space to the south door of the factory, thence across the factory building, 100 feet, to a clock, which he was required to punch at the close of the day's work. Nothing remained but to leave the premises. Opposite the space between the two buildings was a gate, about 150 feet from the south door of the factory. Most of the employees used that gate to enter and to leave. There was no rule on the subject. Many of the employees commonly used other gates, including one near the southwest corner of the inclosure, through which was laid a railroad side track, describing a curve within the inclosure and terminating near the factory building. To avoid the congestion of people and vehicles about the gate first mentioned, plaintiff, leaving the factory promptly, followed the side track, as many other employees commonly did (a "usual and customary route"), intending to leave the premises by the southwesterly gate. When about 300 or 400 feet from the factory, and when very close to the warehouse in which he had worked, and before reaching the gate, he fell and was injured.

CLARK, C. J. (*after stating the facts*). The period of going to and returning from work, while not upon the employer's premises, generally is not covered by the act. *Lipinski* v. *Sutton Sales Co.*, 220 Mich. 647; *Reed* v. *Bliss & Van Auken Lumber Co.*, 225 Mich. 164.

Plaintiff was on the premises of the employer, going from his work, leaving within a reasonable time, following a customary and permitted route off the premises, and in the immediate vicinity of his labor.

It is a general rule that an employee, under such circumstances, is still in the course of his employment. *Papinaw* v. *Railway Co.*, 189 Mich. 441; 1 Bradbury's Workman's Compensation (2d Ed.), 419; 16 A. L. R. 1165; 20 N. C. C. A. 539; 22 N. C. C. A. 545; 12 N. C. C. A. 659; Harper Workmen's Compensation, 46; *De Mann* v. *Hydraulic Engineering Co.*, 192 Mich. 594; *Novack* v. *Montgomery Ward & Co.* (Minn.), 198 N. W. 290.

"In going to and from his place of work upon the premises owned or controlled by his employer, an employee is deemed as a general rule to be engaged in the employment." * * * 18 R. C. L. p. 584.

And see 50 L. R. A. 468; *Broderick* v. *Detroit Union Depot Co.*, 56 Mich. 261 (56 Am. Rep. 382); *Adams* v. *Iron Cliffs Co.*, 78 Mich. 271 (18 Am. St. Rep. 441); *Lienau* v. *Telephone Exchange Co.*, 151 Minn. 258 (186 N. W. 945).

There are exceptions, of course, such as where the employer's premises are a railroad, stretching endless miles across the country, and the accident happens at a place far removed from the actual place of employment. See *Hills* v. *Blair*, 182 Mich. 20, where it was said:

"The employment is not limited by the exact time when the workman reaches the scene of his labor and begins it, nor when he ceases, but includes a reasonable time, space, and opportunity before and after, while he is at or near his place of employment. One of the tests sometimes applied is whether the workman is still on the premises of his employer. This, while often a helpful consideration, is by no means conclusive. * * *

" 'It is not a sufficient test that the workman should be on the premises of the employer; but it may be sufficient that he is in such a state of proximity as may be treated as a reasonable margin in point of space.' *Hoskins* v. *Lancaster*, 3 B. W. C. C. 476."

And in *Guastelo* v. *Railroad Co.*, 194 Mich. 382 (L. R. A. 1917D, 69) :

"The protection of the law extends to a reasonable time and space for the employee to leave the locality or zone of his work and while he is in proximity, approaching or leaving his place of employment by the only means of access thereto."

See *Clifton* v. *Kroger Grocery & Baking Co.*, 217 Mich. 462.

The distance of the place of the accident on the employer's premises from the actual place of the employment, whether it be factory or warehouse, is not so great as to bring this case within exception noted in the *Hills Case*.

In *Hoskins* v. *Lancaster, supra,* it was held, quoting syllabus :

"A collier was injured by a gate swinging back on him. The land on both sides of the gates belonged to his employers and the gates were about 150 yards from the lamp-room to which the collier was first going on his way to work. The passage through the gate was the reasonable mode of access to the collier's work. On a claim for compensation the county court judge held that the workman was entitled to compensation and that the accident arose out of and in the course of the employment.

"*Held,* that there was evidence to support this finding."

The accident arose out of and in the course of the employment. *Rayner* v. *Sligh Furniture Co.*, 180 Mich. 168 (L. R. A. 1916A, 22, Ann. Cas. 1916A, 386) ; *Wabash R. Co.* v. *Industrial Commission,* 294 Ill. 119 (128 N. E. 290).

The claim of wilful misconduct of plaintiff in taking the way in question is without merit.

Affirmed.

McDonald, Bird, Sharpe, Moore, Steere, Fellows, and Wiest, JJ., concurred.