## CLARK *v.* CHRYSLER CORPORATION.

WORKMEN'S COMPENSATION—OPTIONAL GYMNASIUM EXERCISES—OUT OF AND IN COURSE OF EMPLOYMENT.

> Optional gymnasium exercises in gymnasium provided by employer, while desirable, *held*, not to be a part of employment of member of factory police force so that a common mishap in indulgement is an injury arising out of and in course of employment.

EDWARD M. SHARPE, J., dissenting.

Appeal from Department of Labor and Industry. Submitted January 21, 1936. (Docket No. 100, Calendar No. 38,606.) Decided June 11, 1936.

William Clark presented his claim against Chrysler Corporation for compensation for personal injuries alleged to have been sustained while in defendant's employ. Award to plaintiff. Defendant appeals. Reversed.

*Lester L. Johnson,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

EDWARD M. SHARPE, J. (*dissenting*). Plaintiff, William Clark, suffered an accidental injury on May 16, 1934, while playing basketball in the gymnasium of the plant of defendant corporation. He was a member of the factory police and his duties were to patrol the plant, look over equipment, see that there was no pilfering, and perform the ordinary duties of a patrolman. The members of this plant police force worked in three shifts. At the

time of the injury, plaintiff was working on the shift from 10 p.m. to 6 a.m.; and within a few minutes after 6 a.m. he began playing basketball when he slipped on the cement floor, injuring his knee. Upon the hearing before the deputy commissioner an award was entered denying compensation, but on appeal the department entered an order awarding compensation to plaintiff at the rate of $18 per week from May 17, 1934, to August 9, 1934, and at the rate of $9 per week thereafter for partial disability. The record shows that one John R. Jones was in the employ of defendant corporation as a patrolman in the plant protection force and also gave instructions to the men in the gymnasium. The company furnished the room and the men bought their own gym suits and shoes as well as the basketballs used. Other articles used in the gym were made of materials found in the plant. Jones had no authority to require the men to take any particular form of exercise, but led them in calisthenics or instructed them in jiu-jitsu. No penalty was attached to anyone refusing to take the exercise, but a record was kept of attendance. The following letter was read to the men comprising this particular group:

"Mr. Keller, vice-president of the Chrysler Corporation, desires that all plants install and equip a gymnasium for all plant protection patrolmen, giving them the opportunity, on a voluntary basis, to develop and build up their bodies. It is my personal desire that each man at the Highland Park plant attend at least three classes per week, both in calisthenics and jiu-jitsu. Also that all patrolmen pay close attention to Instructor Jones, that they may receive all benefits thereof, as eventually Instructor Jones will be transferred to the admin-

istrative payroll, where he will be in charge of all gymnasiums of the Chrysler Corporation in Detroit. For this reason, there must be one or two instructors picked from each relief, who will be able to carry on this work in the absence of Instructor Jones. The instructors who are selected must be passed upon by both Instructor Jones and their relief commanders. As this is the first gymnasium that has been installed by the Chrysler Corporation, we must set the pace, as all the other plants in Detroit will have their eyes upon us. It is my personal desire that all three reliefs co-operate 100 per cent. to put this program over. Possibly in the near future other plants may call upon us for instructors. Should this take place, I would be very much disappointed if I did not have qualified men who I might transfer to these various plants.''

It is contended on the part of defendant that plaintiff did not sustain an accidental personal injury arising out of and in the course of his employment. The department in granting plaintiff an award made a finding that at the time of the occurrence of the accident, plaintiff was in the employ of defendant company and that the injury suffered arose out of and during the course of his employment.

In this cause the record shows that the accident happened about 25 minutes after plaintiff was through work for the day and during that period of time when he usually took his gym exercises. However, it is not necessary that the accident take place during the regular or customary working hours to bring it within the scope of employment under the compensation act. *Stockley* v. *School District No. 1 of Portage Twp.*, 231 Mich. 523 (24 N. C. C. A. 170). An injury may arise out of and in the course of employment even if the employee

is not actually working at the time. *In re Von Ette,* 223 Mass. 56 (111 N. E. 696, L. R. A. 1916D, 641). Nor is the mere fact that the employee was resting for a moment when the accident happened sufficient to establish a termination of the relationship of employer and employee so as to deprive the injured employee of compensation for disability. *Northwestern Iron Co.* v. *Industrial Commission,* 160 Wis. 633 (152 N. W. 416).

The general rule to be followed in this class of cases may be found in *Smith* v. *Seamless Rubber Co.,* 111 Conn. 365 (150 Atl. 110, 69 A. L. R. 856), and quoted in *Mann* v. *Board of Education of City of Detroit,* 266 Mich. 271:

"Where an employer merely permits an employee to perform a particular act, without direction or compulsion of any kind, the purpose and nature of the act becomes of great, often controlling, sig-nificance in determining whether an injury suffered while performing it is compensable. If the act is one for the benefit of the employer or for the mutual benefit of both an injury arising out of it will usually be compensable; on the other hand, if the act being performed is for the exclusive benefit of the employee so that it is a personal privilege or is one which the employer permits the employee to undertake for the benefit of some other person or for some cause apart from his own interests, an injury arising out of it will not be compensable."

In the *Mann Case, supra,* the plaintiff was a school principal in the city of Detroit and was given permission by his superior officer to attend a meeting of school principals at the University of Michigan. On the way to the meeting he was killed in an automobile accident. In that case compensation was granted upon the theory that attendance at the

meeting of school principals would be of some benefit to the school system of Detroit and it could also be said that there would be a personal benefit to those principals in attendance.

While in the case at bar there was no compulsion, except such as may be found in the letter coming from the vice-president of the defendant company, it is to be noted that the company furnished the room for the exercises, furnished a paid instructor and kept a record of those in attendance. Its vice-president stated that it was his personal desire to have 100 per cent. co-operation by having those who attend pay strict attention to their instructor during the exercises as well as attend three classes each week. Moreover, there was an inducement held out to the men to the effect that in the near future they might be called upon to act as instructors in other plants.

In view of the fact that the privilege of taking these exercises and instructions was limited to the plant policemen and that the exercises and training, as such, would be of some benefit not only to the men themselves in making them physically more perfect, but would also be of a benefit to the company in having men better able to perform the particular duties required of them as plant policemen, we feel that the case at bar comes within the rule of mutual benefit of both employer and employee and plaintiff is entitled to compensation.

The award of the department of labor and industry should be affirmed, with costs to plaintiff.

WIEST, J. The award goes beyond any instance to be found in the books and the reasoning of my Brother does not supply the want.

Industry must take care of its disabled, but optional gymnasium exercises cannot be said to be a part of employment so that a common mishap in indulgement is an injury arising out of and in the course of employment.

The opinion of my Brother would result in ending the trend toward beneficial consideration of employees along like lines by employers. It stretches terms to hold that plaintiff's injury arose out of and in the course of his employment by defendant.

The employer provided a place for recreation of employees and left the method and means of enjoyment to the will of each individual. It may be true that the benefit derived by a user of the place not only tended to improve him physically but, as well, to create a more friendly relation between employer and employee, but such physical betterment and emotional result, while desirable, do not attach to the contract of employment.

The award is vacated, with costs.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, and TOY, JJ., concurred with WIEST, J. POTTER, J., took no part in this decision.