LUTERAN *v.* FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—FINDING OF FACT—CONCLUSIVE ON APPEAL—EVIDENCE.

If there is evidence to support a determination of fact by the compensation commission of the department of labor and industry in a proceeding to recover workmen's compensation, such determination is final and binding upon the Supreme Court on an appeal in the nature of certiorari (2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943).

2. SAME—LUNCH PERIOD—SPECTATOR AT BASEBALL GAME—ARISING OUT OF EMPLOYMENT.

Plaintiff diemaker who was spending his half-hour lunch period on the employer's premises just outside of the building in which he worked and who was injured while standing near another employee who let a ball bat slip which hit plaintiff in the face was not entitled to workmen's compensation for injury thus received, since it did not arise out of his employment, where it appears that plaintiff was not paid for the lunch period, the baseball equipment was not provided by the employer, the activity was not sponsored nor encouraged by it although neither did it prohibit same, that plaintiff's being a spectator at a ball game did not benefit the employer, and that the ball game had not become incidental to the employment merely because of the employer's acquiescence therein (2 Comp. Laws 1929, § 8417, as amended by Act No. 245, Pub. Acts 1943).

3. SAME—INJURY "ARISING OUT OF" EMPLOYMENT—PROXIMATE CAUSE.

An injury "arises out of" the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury (2 Comp. Laws 1929, § 8417, as amended by Act No. 245, Pub. Acts 1943).

4. SAME—PARTICULAR FACTS DETERMINE HOW ACCIDENT AROSE.
   Whether an injury can be said· to have arisen out of and in the
   course of the employment depends upon the particular facts
   and circumstances of each case.

5. SAME—INSURANCE—SYMPATHY—CONSTRUCTION OF STATUTES.
   The workmen's ·compensation act is not designed as a complete
   substitute for life, or sick and accident, insurance and sym-
   pathy is not allowed to broaden its express provisions (2 Comp.
   Laws 1929, § 8407, as amended).

Appeal from Department of Labor and Industry.
Submitted January 11, 1946. (Docket No. 75, Cal-
endar No. 43,101.) Decided March 4, 1946.

Albert Luteran presented his claim for compensa-
tion against Ford Motor Company, employer, for
injuries sustained when he was struck by a ball bat
during lunch period. Award to plaintiff. Defend-
ant appeals. Reversed.

*Maurice Sugar* (*Benjamin Marcus* and *Jerome W.
Kelman,* of counsel), for plaintiff.

*E. C. Starkey* and *William J. Jones,* for defend-
ant.

NORTH, J. In consequence of a personal injury
suffered by plaintiff he was awarded compensation.
His employer, defendant herein, has appealed. The
sole question presented is stated in the briefs as fol-
lows:

"Did the department of labor and industry. err
in holding that the injury which plaintiff received
arose 'out of' his employment?"

Decision will turn on whether the holding of the
compensation commission * is supported by any

---

* The so-called compensation commission of the department of
labor and industry has been granted the duty of administering the

competent evidence. If there is such evidence the commission's determination is final and binding on this appeal in the nature of certiorari. 2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8451, Stat. Ann. 1945 Cum. Supp. § 17.186). The material facts are not in dispute. The controversy is over the conclusion of law to be drawn from the facts.

Plaintiff had been in defendant's employ as a die-maker for more than a year prior to May 25, 1944, the date of the accident. His working hours were from 7:00 a. m. to 4:30 p. m., with a lunch period from 12 to 12:30. He received no pay for this half hour period. After eating his lunch on the date noted, plaintiff was watching other employees who were playing ball in a roadway or traffic lane on the employer's premises and just outside the building in which plaintiff worked. He was standing some-what near another employee who was in the act of batting the ball. The ball bat slipped out of the hands of the batter and struck plaintiff in the face as he was stooping over to light a cigarette. It is for the injury plaintiff thus sustained and for expenses incident to the hospital and medical treatment that compensation was awarded. The record fully sus-tains the following from the opinion filed by the compensation commission.

"It was customary for employees during the noon intermission to play baseball or football on the premises in the area where plaintiff was injured. In fact, the foremen participated in the games. The necessary equipment for such activities was fur-nished by the employees. The activity, admittedly, was neither sponsored nor encouraged by the Ford

---

workmen's compensation law formerly reposing in the industrial ac-cident board. See 2 Comp. Laws 1929, §§ 8310, 8312, as amended by Act No. 241, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8310, 8312, Stat. Ann. 1945 Cum. Supp. §§ 17.1, 17.3).—REPORTER.

Motor Company. On the other hand, it was not prohibited."

As further bearing upon the factual situation the following is noted from plaintiff's brief:

"Plaintiff remained on the defendant's property because he was restricted as to movements during the noon lunch period. He could not leave the premises without securing a pass nor did he have sufficient time to leave the premises and return if he had been permitted to do so."

Both plaintiff and the compensation commission, in support and justification of the award, rely very much on our decision in *Haller* v. *City of Lansing*, 195 Mich. 753 (L. R. A. 1917 E, 324). While we are not disposed to overrule or depart from the holding in the *Haller Case*, admittedly it is a borderline decision which goes to the extreme, and in the just administration of the workmen's compensation law ought not to be extended. Haller, like plaintiff herein, was injured while on the employer's premises during the noon lunch period. He and other employees were about to eat their lunch in a toolhouse, where oils, grease, gasoline, et cetera, were stored. A gas explosion occurred when Haller was lighting his pipe. Obviously the presence of gas was due to materials stored in connection with the employer's business, and the explosion which resulted was caused by the failure of the employer to provide the employee with safe surroundings. Since it was held, and we think properly so, that the relation of employer and employee, under the circumstances, continued during the lunch period, it was adjudicated that Haller's injury caused by the explosion of gas arose out of the employment. But it cannot be said in the instant case that the accident which happened to plaintiff, who as a spectator

was viewing a ball game and standing in dangerous proximity to another employee who was swinging a baseball bat, had even a remote relation to defendant's business. Plaintiff's accident did not arise out of his employment any more than as though he had been stricken down by a bolt of lightning. *Thier* v. *Widdifield,* 210 Mich. 355. Nor is plaintiff any more entitled to compensation than the employee who was swinging the bat would have been if he had sustained a hernia by reason of an excessive effort in batting.

In plaintiff's brief it is urged that: ''Plaintiff's injury was the result of an act performed for the mutual benefit of the employer and its employees and consequently the injury arose out of the employment.'' The Michigan case cited in support of the above is *Mann* v. *Board of Education of City of Detroit,* 266 Mich. 271. That case is clearly distinguishable from the one under consideration in that Mann at the time of his accident was unquestionably engaged in a matter of ''school business'' in which he was regularly employed. We have heretofore commented on the *Mann Case* as follows:

''The purpose of his trip was within the scope of his work, he went on school time and the trip was approved by his school superintendent.'' See *Rector* v. *Ragnar-Benson, Inc., ante,* 277, 284.

The facts in the instant case are such that we think it cannot be said the business of the defendant employer was benefited by plaintiff's being a spectator for a few minutes at the baseball activities of fellow employees or by plaintiff's having placed himself in dangerous proximity to another employee who was swinging a baseball bat. There is no proof in the record that defendant's business was beneficially affected by plaintiff's conduct in the above particular. As was said in *Thier* v. *Widdifield* (syl-

labus), *supra,* the factual contention asserted by plaintiff is based upon ''mere conjecture and speculation, rather than upon evidence.'' That the recreational activities in the particular noted, while permitted by the employer which at that time had not even provided a baseball field, were matters in which the employees, rather than the employer, were concerned is emphasized by plaintiff's own testimony. In substance he testified the minute the bell rang notifying the employees that the lunch hour had started, plaintiff and other employees were on their own and could do as they pleased. Neither the bat nor the ball was provided by the company. ''Nothing has ever been said or done to the employees to encourage these ball games. * * * During this 30 minutes (lunch period), you were free to do and act as you pleased.'' On this phase of the case, it is important to note that the compensation commission, referring to playing ball, expressly found: ''This activity, admittedly, was neither sponsored nor encouraged by the Ford Motor Company.'' In the light of the foregoing and the contents of the record before us, we are not in accord with plaintiff's contention that his injury ''was the result of an act that had become an incident of his employment by reason of defendant's acquiescence and acceptance thereof.'' In this latter particular plaintiff cites *Amicucci* v. *Ford Motor Co.,* 308 Mich. 151, and *Schlickenmayer* v. *City of Highland Park,* 253 Mich. 265. But each of these cases differ materially from the instant case in that the injury sustained did not arise incident to mere recreational activities during a period of nonemployment. Instead, the accident in each of the two cited cases occurred while the employee was at his place of employment and was engaged in an activity normally incident thereto.

The instant case is more nearly in the field of our decision in *Clark* v. *Chrysler Corp.,* 276 Mich. 24, wherein we reversed an award to Clark. The syllabus reads:

"Optional gymnasium exercises in gymnasium provided by employer, while desirable, *held,* not to be a part of employment of member of factory police force so that a common mishap in indulgement is an injury arising out of and in the course of employment."

In the prevailing opinion, written by the late Justice WIEST, it is said in the *Clark Case:*

"The employer provided a place for recreation of employees and left the method and means of enjoyment to the will of each individual. It may be true that the benefit derived by a user of the place not only tended to improve him physically but, as well, to create a more friendly relation between employer and employee, but such physical betterment and emotional result, while desirable, do not attach to the contract of employment."

Obviously the *Clark Case* was open to the view and contention that it was a mutual benefit to the employer and employee that the latter should take advantage of gymnasium exercise, and also that such exercise under the circumstances had become an incident of the employment; but nonetheless it was held that Clark's injury was not compensable. Notwithstanding plaintiff's claim to the contrary, the *Clark Case* is not distinguishable from the instant case on the ground that activities in the gymnasium occurred "after working hours." Decision therein was not based at all upon that circumstance.

"An injury 'arises out of' the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection

between the conditions under which the work is required to be performed and the resulting injury. (2 Comp. Laws 1929, § 8417 *).'' *Rucker* v. *Michigan Smelting & Refining Co.* (syllabus), 300 Mich. 668.

In a recent decision of this Court the following observations are made:

''We have repeatedly held that the question whether an injury can be said to have arisen out of and in the course of the employment depends upon the particular facts and circumstances of each case. No two cases are precisely alike in all respects. * * *

''The workmen's compensation law † is not designed as a complete substitute for life insurance, or sick and accident insurance, for employees, nor can sympathy be allowed to broaden the express statutory provisions of the workmen's compensation law: It provides that the injury (to be compensable) must arise out of and in the course of the employment.'' *Rector* v. *Ragnar-Benson, Inc., supra,* 281, 285.

In the instant case there was no competent testimony tending to prove that plaintiff's injury ''arose out of'' his employment. The award of the compensation commission is reversed. Costs to appellant.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and STARR, JJ., concurred.

---

* This section has since been amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8417, Stat. Ann. 1945 Cum. Supp. § 17.151).—REPORTER.

† See 2 Comp. Laws 1929, § 8407 *et seq.,* as amended (Comp. Laws Supp. 1940, 1945, § 8408 *et seq.,* Stat. Ann. and Stat. Ann. 1945 Cum. Supp. § 17.141 *et seq.*).—REPORTER.