STABLES *v.* GENERAL MOTORS CORP.

WORKMEN'S COMPENSATION—SELF-INFLICTED INJURY—GRATUITOUS TREATMENT BY EMPLOYER.

Office clerk whose self-inflicted acid burn, received at home when she sought to remove a wart, and which was treated gratuitously at employer's first aid station and treatment resulted in total disability for some six weeks and medical and hospital expenses *held*, not entitled to award of workmen's compensation since the injury did not arise out of and in the course of the employment (2 Comp. Laws 1929, § 8417, as amended by Act No. 245, Pub. Acts 1943).

Appeal from Department of Labor and Industry. Submitted June 7, 1946. (Docket No. 18, Calendar No. 43,305.) Decided October 7, 1946.

Vivian E. W. Stables presented her claim against General Motors Corporation, Fisher Body Division, for compensation for personal injuries alleged to have been sustained while in its employ. Award to plaintiff. Defendant appeals. Reversed.

*J. Gardner Stevenson,* for plaintiff.

*Henry M. Hogan (G. W. Gloster, R. V. Hackett* and *E. H. Reynolds,* of counsel), for defendant.

CARR, J. General Motors Corporation, defendant, appeals from an award granted by the department of labor and industry to Vivian E. W. Stables, plaintiff. The latter was employed as a junior of-

fice clerk by defendant.   Some time in 1944, she applied acid to a wart on the inner part of her left wrist while she was at her own home, and, as a result thereof, she suffered an acid burn.   The burn did not respond to home treatment.   Therefore, during her working hours and at her own volition she went to the first aid station in defendant's research building in the city of Detroit.   According to the records of the station, August 3, 1944, was the first date that she came there for treatment, and a 10 per cent. oxycane ointment was applied to the burn. The clinical record further shows plaintiff did not report back again until September 26, when sulpha- thiazol powder was applied.   This treatment was repeated for several days.   After this treatment, however, the wrist became inflamed and produced an itching sensation.   The nurse at the first aid station made a further application over the entire wrist; the arm became worse, both arms developed a swelling and a rash spread over the entire body. Plaintiff thus became completely disabled and re- mained away from work for slightly over six weeks. She first went to a doctor of her own selection and after a few days went to a hospital where another doctor treated her.   The amount of the award, which included the loss of time, medical and hospital serv- ices, was less than $400.

The case presents a novel question.   The original injury was self-inflicted by plaintiff, while in her own home, and had nothing whatever to do with her employment.   The first aid station of defendant was a gratuitous service that was also extended to employees for accidents or diseases that were not contracted out of or in the course of their employ- ment.   There was no obligation whatsoever on the part of plaintiff to take advantage of such service. The record leaves the impression that plaintiff was

allergic to sulpha drugs, but the department did not pass upon this question. There is no claim that a drug known to be improper was used, but it is intimated that tests should have been made as to whether an allergy existed or not. The question is whether under the circumstances defendant is liable for compensation. The accident did not happen out of or in the course of the employment except to the extent that during working hours plaintiff was excused to avail herself of the gratuitous medical aid rendered at the first aid station. She could have gone to a doctor of her own choice had she so chosen.

A number of cases are cited by plaintiff's attorney, but we do not believe that they are applicable. In *Blaess* v. *Dolph,* 195 Mich. 137, plaintiff became infected accidentally by germs getting into a cut received in an injury, and the contact with the highly dangerous germs arose out of and in the course of the employment. In *Dove* v. *Alpena Hide & Leather Co.,* 198 Mich. 132, plaintiff accidentally inhaled some germ-infected dust from handling hides. This arose out of and in the course of employment.

In *Frankamp* v. *Fordney Hotel,* 222 Mich. 525, we awarded compensation to a waitress who contracted typhoid fever from drinking contaminated water furnished by the employer. In *Neudeck* v. *Ford Motor Co.,* 249 Mich. 690, plaintiff recovered compensation. The employer compelled him to be vaccinated and infection resulted. In the case at bar, the original injury was self-inflicted by plaintiff at her home. She was not forced to go to the first aid station. There was no showing the treatment was unusual.

The cases somewhat analogous to the instant case are those of *Luteran* v. *Ford Motor Co.,* 313 Mich. 487, and *Clark* v. *Chrysler Corp.,* 276 Mich. 24,

where the court held that facilities that were furnished to the employees for their own advantage and which they were not under any compulsion to make use of, were not part of the employment, and accidents occurring in the use of such facilities did not arise out of and in the course of employment.*

We believe that the department was in error, and the award should be set aside, with costs to defendant.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred. STARR, J., took no part in the decision of this case.