HICKMAN *v*. CITY OF DETROIT.

1. WORKMEN'S COMPENSATION—PROXIMATE CAUSE—LOCATION OF ACCIDENT.

> An injury of an employee, to be compensable under the workmen's compensation act, regardless of whether on or off the premises of the employer, must have occurred within the ambit of his employment, and must have arisen out of and in the course of the employment.

2. SAME—INJURY ON EMPLOYER'S PREMISES—PRIVATE MISSION.

> Plaintiff, an extra coach operator on city's buses, who quit work at 12:48 a.m., and was required to show up at bus terminal at 5:30 a.m., but presented himself for assignment of a run shortly after 3 a.m., who suffered a broken leg when run over by defendant's bus on its premises after he had slipped and fallen while en route to turn off motor of his parked car *held*, not to have suffered a compensable injury, since it was sustained while on a mission of his own, wholly personal in character (CL 1948, § 412.1).

Appeal from Workmen's Compensation Commission. Submitted October 14, 1949. (Docket No. 88, Calendar No. 44,484.) Decided January 9, 1950.

James Hickman presented his claim for compensation against City of Detroit (Department of Street Railways), employer. Award to plaintiff. Defendant appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  58 Am Jur, Workmen's Compensation, § 209 *et seq.*
[2]  58 Am Jur, Workmen's Compensation, §§ 224, 228, 235 *et seq.*
[2]  Workmen's compensation:  Injuries while entering or leaving place of employment as arising out of or in course of employment.  49 ALR 424; 82 ALR 1043.
[2]  Workmen's compensation:  Employee temporarily engaged in personal business.  59 ALR 370; 66 ALR 756.

*Leon Dreifuss,* for plaintiff.

*John T. Meier* and *Ralph L. Hayes,* for defendant.

CARR, J.  On the 8th of June, 1948, and for some time prior thereto, plaintiff was employed by the city of Detroit in its department of street railways as an extra coach operator.  He worked out of the Highland Park garage terminal located on Second avenue.  On the date mentioned he quit work at 12:48 a. m.  Under the terms of his employment he was required to report to the terminal for a 5:30 a. m. "show up," for the purpose of being assigned to a run, if available for him.

After checking out of the terminal plaintiff drove his automobile downtown, returning to the terminal shortly after 3 a. m.  It is his claim that he did this for the purpose of being assigned to a run before 5:30 in the event that a regular driver failed to appear in time for his scheduled run.  Plaintiff parked his automobile on Second avenue between the sidewalk and the curb, entered the terminal, and advised the station master of his return, stating in substance that he would be sleeping upstairs in the "recreation room."  Instead of going to the recreation room, plaintiff left the terminal for the purpose of returning to his automobile and shutting off the motor which he had left running in order to charge the battery.  While walking along a driveway a few feet from the door he slipped and fell, It is his claim that while lying prone on the driveway he was run over by a coach driven by an employee who failed to see him.  As a result, he sustained a broken leg.

Application for hearing and adjustment of claim under the workmen's compensation law of the State *

* PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 *et seq.* [Stat Ann § 17.141 *et seq.*]).

was filed by plaintiff on August 24, 1948. Defendant denied liability, claiming in its answer that plaintiff had not suffered a compensable injury "arising out of and in the course of" his employment by defendant. The deputy commissioner, by whom the matter was heard, awarded plaintiff compensation of $21 per week for total disability from June 9, 1948, until the further order of the commission, together with medical and hospital expense in the sum of $1,445.50. The workmen's compensation commission affirmed the award. On leave granted, defendant has appealed.

Based on the facts as found from the testimony taken before the deputy commissioner, the compensation commission came to the conclusion that plaintiff had sustained a personal injury "arising out of and in the course of his employment" by defendant, within the meaning of part 2, § 1, of the workmen's compensation law (CL 1948, § 412.1 [Stat Ann 1949 Cum Supp § 17.151]). Defendant insists that such conclusion was erroneous on the ground that at the time he was injured plaintiff was engaged in a purely personal mission not connected with his employment or arising out of it. He was, as above noted, on his way from the terminal to his parked automobile, for the purpose of shutting off the motor, at the time he sustained the injury. On behalf of plaintiff it is contended that the award should be upheld, some stress being placed on the fact that the accident happened on defendant's premises. In substance it is plaintiff's position that at the time of the accident he was within the ambit of his employment and that his injury may fairly be said to have been suffered in the course of such employment and to have arisen therefrom.

The compensation commission, in its opinion filed in the proceeding, after stating the facts and the issue involved in the case, said in part:

"It is fairly well established that an accident which occurs on the employer's premises after the employee has finished his day's work arises out of and in the course of his employment. We think the same principle should apply in this case. The accident occurred on the employer's premises."

In making the statement quoted the commission doubtless had in mind prior decisions of this Court in cases where the injuries involved were sustained on the employers' premises and in which such fact was, to some extent at least, emphasized. *Hills* v. *Blair*, 182 Mich 20 (7 NCCA 409); *Haller* v. *City of Lansing*, 195 Mich 753 (LRA1917E 324); *Brink* v. *J. W. Wells Lumber Co.*, 229 Mich 35. See, also, *Gorman* v. *Jaffa*, 248 Mich 557. Subsequent to the determination of the case by the compensation commission, this Court passed on the question at issue in *Daniel* v. *Murray Corporation of America*, *ante*, 1, decided October 10, 1949. There the plaintiff, after finishing his employment for the day, crossed the street to a parking lot provided by the employer for the convenience of plaintiff and other employees. While there he was injured. Compensation for such injury was awarded by the workmen's compensation commission on the theory that the injury sustained arose out of and in the course of the employment. On appeal, this Court reversed. The majority opinion in effect rejected the claim that any significance could properly be attached to the fact that the accident and injury occurred on the employer's premises. In discussing the matter it was said:

"In this State the test that has been followed is whether the employee, regardless of where his injury arose, either on or off the premises of his employer, was injured while within the ambit of his employment, and whether there was a causal connection between the injury and the employment. The

primary test under our statute is not *where* the injury occurred, but whether his injury arose out of and in the course of his employment. An employee may *not* be entitled to compensation although his injury arose while *on* the premises of his employer which were furnished by the employer for the use of the employee."

Applying the test laid down by this Court in the language above quoted to the facts of the instant case, the conclusion follows that plaintiff's injury did not arise out of his employment. He was not at the time engaged in the employer's business but was on a mission of his own, wholly personal in character. Instead of carrying out his expressed intention, and proceeding to the recreation room to await a possible call, he left the terminal for the purpose before stated, and sustained the injury. There was, we think, a lack of causal connection between the work that plaintiff was employed to do and the injury for which he seeks compensation. The fact that he was on the premises of the employer at the time he fell and was run over by defendant's coach does not, under the holding in the *Daniel Case,* alter the situation. The workmen's compensation commission was in error in holding otherwise. See, also, *Spooner* v. *Detroit Saturday Night Co.,* 187 Mich 125 (LRA1916A 17, 9 NCCA 647); *Guastelo* v. *Railroad Co.,* 194 Mich 382 (LRA1917D 69); *Clark* v. *Chrysler Corporation,* 276 Mich 24; *Horvath* v. *La Fond,* 305 Mich 69; *Luteran* v. *Ford Motor Co.,* 313 Mich 487.

The award of compensation to the plaintiff is reversed, with costs to defendant, and the case remanded to the workmen's compensation commission for entry of an order denying compensation.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.