## DYER v. SEARS, ROEBUCK & COMPANY.

1. WORKMEN'S COMPENSATION—BACK INJURY—STAIRWAY ON EMPLOYER'S PREMISES—STATUTES—PRESUMPTIONS.

   Finding of workmen's compensation appeal board that plaintiff typist and filing clerk was entitled to workmen's compensation for injury to back is affirmed, under evidence showing she was en route out of employer's building from lunchroom on a personal mission and fell while descending stairs on employer's premises, and statute by amendment that became effective after the injury provides "every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment" (CL 1948, § 412.1, as amended by PA 1954, No 175).

2. SAME—INTENT.

   It is the duty of the Supreme Court to give effect to the legislative intent when construing workmen's compensation cases.

SHARPE and CARR, JJ., dissenting.

Appeal from Workmen's Compensation Appeal Board. Submitted January 16, 1957. (Docket No. 41, Calendar No. 47,003.) Decided October 7, 1957.

Esther R. Dyer presented her claim against Sears, Roebuck & Company for compensation as result of injury on stairs during lunch period. Award to plaintiff. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation §§ 210, 212, 221.

*Marcus, Kelman, Loria, McCroskey & Finucan*
(*Jerry S. McCroskey,* of counsel), for plaintiff.

*Alexis J. Rogoski* and *Robert Bunker Rogoski,* for
defendant.

Plaintiff was engaged by defendant in doing typ-
ing and filing work. She was allowed an hour each
day for lunch and was at liberty to eat where she
pleased, including defendant's lunchroom on the
third floor of the building where plaintiff worked.
On May 26, 1954, at 11:30 in the morning, that being
starting time of the lunch hour, plaintiff punched her
timecard and proceeded to the third-floor lunchroom.
Having eaten there, she started by stairway toward
the street, intending to pay a bill (in a nearby office
building) prior to return to work at 12:30. While
descending the stairs in defendant's building she
slipped and fell forward, injuring her back.

Plaintiff filed claim for compensation under the
workmen's compensation act. The appeal board
granted compensation as prayed. The sole question
on review of the award is whether plaintiff's injury
occurred in the course and out of her employment.
The case as briefed and argued turns principally on
effect, if any, of the presently-quoted amendment of
1954.

BLACK, J. (*after stating the facts*). This case re-
vives the contentious debate our reports disclose
since the tenets of *Haller* v. *City of Lansing,* 195
Mich 753 (LRA1917E, 324) (and *Brink* v. *J. W.
Wells Lumber Co.,* 229 Mich 35) came to veiled doubt
in *Luteran* v. *Ford Motor Co.,* 313 Mich 487. Prior
to *Luteran's* premonitory prelude—that *Haller*
"goes to the extreme"—, and at least until *Daniel*\*

---

\* *Daniel* v. *Murray Corporation of America,* 326 Mich 1.

and *Hickman** were handed down, our decisions def-
initely and relevantly committed the workmen's com-
pensation act to that interpretation which accorded
then and accords now with the known weight of
American and English authority.    See dissenting
opinions in *Salmon* v. *Bagley Laundry Company,*
344 Mich 471, 475 ; and *Mack* v. *Reo Motors, Inc.,* 345
Mich 268, 270.    Our respects were duly paid to
*Haller*—and *Haller* was declaredly followed—in
*Amicucci* v. *Ford Motor Co.,* 308 Mich 151, wherein
it was said (p 154 of report):

"The phrase, 'arising out of and in the course of
his employment' (CL 1929, § 8417 [Stat Ann § 17.-
151]) was adopted in identical words from the Eng-
lish workmen's compensation act, 'and presumably
with the meaning previously given it there.' *Hop-
kins* v. *Michigan Sugar Co.,* 184 Mich 87, 90 (LRA
1916A, 310).    Its meaning was fully discussed in the
*Hopkins* and subsequent cases, and in *Haller* v. *City
of Lansing,* 195 Mich 753 (LRA1917E, 324), a num-
ber of applicable English authorities are reviewed."

With changes of personnel here, unfortunate
changes of interpretive thought reared themselves.
No intervening amendment of the statute brought
this about.    Inapposite yet contagious notions re-
corded in *Daniel, Hickman* and *Pilgrim*†—imported
from Massachusetts‡ and renounced this day in *Frei-
borg* v. *Chrysler Corporation,* 350 Mich 104, —de-
scended unnoticed on *Haller* and *Brink* and resulted
finally in flat repudiation of both.

Such is the vexing hotchpotch to which legislative
attention and resolution was directed in 1954.    The
result appears in an amendment that year of section
1 of part 2 of the workmen's compensation act, read-
ing as follows:

---

\* *Hickman* v. *City of Detroit,* 326 Mich 547, 550.
† *Pilgrim* v. *Menthen,* 327 Mich 714.
‡ See *Salmon,* dissent, pp 490, 491 of report.

"Every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment." (CL 1948, § 412.1, as amended by PA 1954, No 175* [CLS 1954, § 412.1, Stat Ann 1955 Cum Supp § 17.151].)

It will be noted that the substance and wording of this amendatory provision has been taken from language appearing in *Brink* (presently quoted). By enactment thereof the legislature calls, rather plainly, for judicial return to that which its membership intentionally ordained in 1912, according to early rulings of this Court. *Haller* (1917) and *Brink* (1924) were written into our reports by distinguished predecessors composing the so-called FELLOWS Court. Presumably, they knew more about the background and intended scope of the pivotal phrase—"arising out of and in the course of his employment"—, found in original and present section 1 of part 2 of the workmen's compensation act, than we do. The Court members of that day "were there," as the saying goes, and they tell us through *Haller* and *Brink* of original and steadfast legislative will that such phrase extend its protective range to a reasonable time and space for the employee to approach and leave the locality or zone of his work. This is plain utterance, understandable to lay and professional folk alike, and it should remove some of the tort-shaped barnacles we have gratuitously fastened in recent years to the hull of workmen's compensation. I suggest, in these circumstances, that the amendatory provision of 1954 be treated as a message of courtesy, arriving here from a coordinate branch of government, purposed in the way of intent toward restoration of that which we have errantly excised from remedial legislation.

---

* Effective August 13, 1954.—REPORTER.

Our duty in these compensation cases is effectuation of the legislative intent. We may perform it here with the help of *Haller* and *Brink,* irrespective of applicability to this case of that which became effective, as an amendatory statute, after Esther Dyer's injury was sustained. I vote, then, to resurrect *Haller* and *Brink;* to implement the quoted amendment by overruling *Daniel* and its progeny including *Salmon* and *Mack,* and to reinstate for applicability to cases such as we have at bar *Brink's* original and rightful interpretation of said section 1. That interpretation, which is now reinforced by the foregoing amendment of 1954, is quoted from *Brink* (pp 36–38 of report) as follows:

"Plaintiff was on the premises of the employer, going from his work, leaving within a reasonable time, following a customary and permitted route off the premises, and in the immediate vicinity of his labor. It is a general rule that an employee, under such circumstances, is still in the course of his employment. * * *

"In going to and from his place of work upon the premises owned or controlled by his employer, an employee is deemed as a general rule to be engaged in the employment. * * *

"The employment is not limited by the exact time when the workman reaches the scene of his labor and begins it, nor when he ceases, but includes a reasonable time, space, and opportunity before and after, while he is at or near his place of employment. * * *

"The protection of the law extends to a reasonable time and space for the employee to leave the locality or zone of his work and while he is in proximity,

approaching or leaving his place of employment by the only means of access thereto."

Affirmed.

SMITH, EDWARDS, and VOELKER, JJ., concurred with BLACK, J.

KELLY, J., concurred in the result.

SHARPE, J. (*dissenting*). I am not in accord with the opinion of Mr. Justice BLACK, either as to the construction of the 1954 amendment or that plaintiff's injury arose out of and during the course of her employment.

Whether the act has retroactive effect to include injuries occurring prior to the effective date of the act need not be decided in this case as the act clearly relates to employees going to or from work. It does not include injuries to persons going upon a personal errand not in any way connected with his or her work.

My Brother relies upon *Haller v. City of Lansing*, 195 Mich 753 (LRA1917E, 324), to establish the rule that injuries during intermissions from labor are compensable if the injury occurs upon the employer's premises. The rule established in that case as interpreted by Justice BLACK has been overruled in a great number of cases, reference to which can be found in *Mack v. Reo Motors, Inc.*, 345 Mich 268.

Decision in the case at bar is controlled by *Salmon v. Bagley Laundry Co.*, 344 Mich 471. In that case we said (pp 474, 475):

"The law is well settled that an industrial injury is compensable only when the injury is received while the employee is doing the duty he is employed to perform, and as a natural incident of the work, see *Associated Oil Co. v. Industrial Accident Commission*, 191 Cal 557 (217 P 744), cited with approv-

al in *Tegels* v. *Kaiser-Frazer Corp.,* 329 Mich 84.

\* \* \*

"The right to control or direct an employee is an essential element in determining whether the relationship of employer and employee exists. In *Tuttle* v. *Embury-Martin Lumber Co.,* 192 Mich 385 (Ann Cas 1918C, 664), we held that the test of the relationship is the right to control, whether in fact exercised or not. See, also, *Dennis* v. *Sinclair Lumber & Fuel Co.,* 242 Mich 89; and *Janofski* v. *Federal Land Bank,* 302 Mich 124. In cases involving independent contractors the right to direct or control is absent. In the case at bar, as in the *Tegels Case, supra,* the right to control the actions or activities of the employees during the noon hour lunch period or coffee-break period was absent."

The award should be vacated, with costs to defendant.

CARR, J., concurred with SHARPE, J.

CARR, J. (*dissenting*). The parties to this proceeding are in agreement as to the material facts involved. Plaintiff entered the employ of defendant on May 11, 1954. Her work was clerical in nature, involving the performance of general office duties. On May 26th following, she left her place of employment, on the second floor of defendant's building, about 11:30 a.m., her lunch period being ordinarily from 11:30 to 12:30. She went to the third floor where she had her lunch, remaining there for a brief interval after finishing the meal. She then started to leave defendant's building for the purpose of paying a bill for her mother at an office located in another building in the vicinity. In going down the stairs from the second floor to the main floor she slipped and sustained an injury to her back. Subsequently she filed claim for compensation under

the provisions of the workmen's compensation act.*
The deputy commissioner before whom the proofs
were taken made an award granting compensation
to plaintiff for total disability from May 27, 1954,
to August 31st thereafter, inclusive. It was found
that plaintiff was able to return to work on September 1st of the year named. The appeal board affirmed the award and defendant, on leave granted,
has appealed.

The question involved is primarily one of statutory construction. Counsel on both sides have discussed at some length the interpretation and application of part 2, § 1, of the compensation law as
amended by PA 1954, No 175. Said section as so
amended (CLS 1954, § 412.1 [Stat Ann 1955 Cum
Supp § 17.151]), reads as follows:

"An employee, who receives a personal injury arising out of and in the course of his employment by
an employer who is at the time of such injury subject to the provisions of this act, shall be paid compensation in the manner and to the extent hereinafter provided, or in case of his death resulting from
such injuries such compensation shall be paid to his
dependents as hereinafter defined. The term 'time
of injury' or 'date of injury' as used in this act shall
in the case of a disease or in the case of an injury
not attributable to a single event be the last day of
work in the employment in which the employee was
last subjected to the conditions resulting in disability or death.

"Every employee going to or from his work while
on the premises where his work is to be performed,
and within a reasonable time before and after his
working hours, shall be presumed to be in the course
of his employment."

---

* PA 1912 (1st Ex Sess), No 10, as amended (CL 1948 and CLS
1954, § 411.1 *et seq.* [Stat Ann 1950 Rev and Stat Ann 1955 Cum
Supp § 17.141 *et seq.*]).

The amendatory act was not in effect at the time of the accident in which plaintiff sustained her injury, but became operative before the subsequent proceedings were taken. Whether it applies here depends on the construction given the provisions of the section quoted, including, specifically, the final clause which was added by said act. In accordance with recognized principles the section quoted must be construed to carry out the intention of the legislature as evidenced by the language employed, read in its entirety, and in conjunction with other pertinent provisions of the compensation law. In *In re School District No. 6, Paris and Wyoming Townships, Kent County,* 284 Mich 132, 143, 144, it was declared that the intention of the legislature in a case of this character must be "drawn from an examination of the language of the act itself, the subject matter under consideration, and the scope and purpose of the act. It is necessary to consider other statutes which may have preceded it or which relate to the same subject. The act should be so construed that all of its provisions may be rendered harmonious and recourse may be had to the history of the legislation upon the subject matter of the act." See, also, *Crawford* v. *School District No. 6,* 342 Mich 564.

Was it the intention of the legislature, in adding the final sentence to the section quoted, to declare an absolute presumption that should control the right to compensation without reference to the actual facts, or was the purpose to create a rule of procedure that should be followed in the absence of proofs rebutting the presumption? It may be noted that the first sentence of the section, re-enacted at the same time that the last sentence was added, grants the right to compensation in the event of an injury to an employee "arising out of and in the course of his employment." Obviously the legisla-

ture intended to preserve the prior established bases for an award for disability under part 2 of the act. However, if the presumption referred to in the final sentence is absolute, this application might well result in an award of compensation although the injury did not arise out of the employment or in the course thereof. The facts in *Hickman* v. *City of Detroit*, 326 Mich 547, suggest a situation of such character. The same comment may be made with reference to the case at bar.

A conclusion that the legislature intended to declare an absolute presumption of the nature indicated is inconsistent with the statement in the first sentence of the amended section with reference to the origin of the injury essential to an award. It is the duty of the Court to construe the provisions of the section together and to harmonize them. Doing so requires that the presumption be regarded as rebuttable. It should be noted further as bearing on the interpretation and application of such presumption that it has reference only to "the course of" the employment. It has no application insofar as the determination of whether the injury for which compensation is sought is one "arising out of" the employment. Under the specific language of the added clause the presumption is limited in its application to one of the basic essentials of the right of compensation. Had it been the intention of the legislature that it should be absolute in such application, it must be assumed that appropriate language to that effect would have been used. We are not at liberty to read into the amendatory clause added to the section by the legislature of 1954 an intent or purpose at variance with other provisions of the statute and not indicated by the phraseology employed. It is the duty of the Court to construe legislative enactments in accordance with their terms.

The legislative history of the 1954 enactment clearly indicates the intention of the legislature on

final passage. As introduced and printed, the bill (S.B. No 1150) contained in part 2, § 1, the following language:

"Every employee going to and from his employment while on the premises of his employer shall be deemed to be performing a service arising out of and in the course of his employment."

In proceedings leading up to final action on the bill such provision was changed by amendment, there being substituted for it the final sentence above quoted in the section as enacted. Comparison of the substituted provision with that originally proposed clearly indicates that the legislature in the final passage of the bill did not intend to create an absolute presumption that should control in certain cases without reference to the actual facts involved.

If the 1954 amendment were construed as creating an absolute presumption, its application in the instant case might well be questioned. Under such theory it might plausibly be argued that it had created in plaintiff's favor a cause of action that did not exist, in view of the facts involved, at the time of the accident. On the other hand, if such presumption is rebuttable it may properly be regarded as relating to a matter of evidentiary procedure. Under the latter view the general principles recognized in *Rookledge* v. *Garwood,* 340 Mich 444, apply. It being our conclusion that the amendment in question must be construed as creating a limited rebuttable presumption rather than an absolute one, we do not think it necessary to further consider this feature of the case.

As Mr. Justice SHARPE has pointed out in his opinion, the amendment in question is limited to employees going to and from their work while on the premises where the work is to be performed. At the

time of her injury plaintiff, while in defendant's building, was not on the second floor where she worked but was going down the stairway to the main floor with the intention of leaving the building and performing a service for her mother. She was not going to or from her work but was, rather, on an independent mission having nothing to do with her employment by defendant. Her injury, as a matter of fact, did not arise out of her employment. The statute is silent as to any presumption, rebuttable or otherwise, in this respect. In the face of the undisputed facts it may not be said that it occurred in the course of her employment by defendant. Any presumption in her favor, if such were deemed to exist, was clearly rebutted by her own testimony on the hearing before the deputy commissioner. The requirements essential to an award of compensation are lacking.

The case should be remanded to the appeal board with directions to set aside the award.

Sharpe, J., concurred with Carr, J.

Dethmers, C. J. (*concurring*). I believe it to be quibbling to say that plaintiff was not, at the time she suffered her injury, going from her work while on the premises where her work is to be performed and within a reasonable time after her working hours.

For reasons stated in my opinion in *Freiborg* v. *Chrysler Corporation,* 350 Mich 104, I think that the 1954 amendment to part 2, § 1, of the workmen's compensation act* applies to subsequent proceedings even though they involve an injury which antedated the amendment, and that the award to plaintiff should be affirmed, with costs to her.

---

* See CLS 1954, § 412.1 (Stat Ann 1955 Cum Supp § 17.151).—
Reporter.