## In re SWOPE

Docket No. 130408. Submitted June 11, 1991, at Grand Rapids. Decided August 5, 1991, at 9:00 A.M.

Edwin and Lynn Swope petitioned the Kalamazoo County Probate Court, Juvenile Division, seeking termination of their parental rights to an adopted child. The court, Carolyn H. Williams, J., dismissed the petition, finding lack of jurisdiction and failure to state a statutory basis for termination. The petitioners appealed.

The Court of Appeals *held:*

The court had jurisdiction over the child. The child was made a ward of the court in 1989 and is residing in a foster home. However, the petitioners lacked standing to bring the petition because the applicable statute, MCL 712A.19b(1); MSA 27.3178(598.19b)(1), provides that a petition to terminate parental rights may be brought only by the prosecuting attorney, child, guardian, custodian, or agency. When a statute designates the persons who may bring a claim, only the persons so designated have the right to bring an action.

Affirmed.

Pᴀʀᴇɴᴛ ᴀɴᴅ Cʜɪʟᴅ — Tᴇʀᴍɪɴᴀᴛɪᴏɴ ᴏғ Pᴀʀᴇɴᴛᴀʟ Rɪɢʜᴛs — Sᴛᴀɴᴅɪɴɢ ᴛᴏ Pᴇᴛɪᴛɪᴏɴ.

A petition to terminate parental rights must be brought by a prosecuting attorney, child, guardian, custodian, or agency; parents lack standing to petition for termination of parental rights (MCL 712A.19b[1]; MSA 27.3178[598.19b][1]).

*Taylor & Walters* (by *Frederick J. Taylor*), for the petitioners.

*James J. Gregart,* Prosecuting Attorney, and *David W. DeBack,* Assistant Prosecuting Attorney, for the respondent.

Rᴇғᴇʀᴇɴᴄᴇs

Am Jur 2d, Parent and Child §§ 34, 35; Parties § 22.
See the Index to Annotations under Adoption of Children; Parties; Termination of Parental Rights.

Before: GRIBBS, P.J., and HOOD and GRIFFIN, JJ.

GRIBBS, P.J. Petitioners Edwin and Lynn Swope appeal as of right a probate court order dismissing their petition to terminate their parental rights to their adopted child, hereafter referred to as M, born February 7, 1976. We affirm.

Petitioners adopted M and her biological sister in June 1979. M is, by all accounts, a pretty, talented, likeable young woman. M had been the victim of physical abuse before her adoption. It appears from the record that M believed petitioners adopted her only because they wanted her sister, and petitioners apparently did not dissuade M from this belief. M evidently experienced a great deal of conflict about her adoption, her apparent biracial heritage, and her feelings of rejection. As is often the case, M responded to these conflicts with such attention-seeking behaviors as lying, fantasizing, and acting out.

In 1989, M made two suicide attempts. She ran away from home several times, and engaged in delinquent behavior. There is no evidence of substance abuse. During one of the times that M ran away, she was raped by a forty-five-year-old man who subsequently pleaded guilty of a charge of criminal sexual conduct. M was made a ward of the court in June 1989, and now resides in a foster home.

In May 1990, petitioners asked the probate court to terminate their parental rights to M. Petitioners alleged that M was delinquent, that she once "lunged" at her sister with scissors, that they are afraid of M, that reconciliation is impossible, and that M has "demonstrated the ability to manage her own affairs." Petitioners stated that they have not visited, contacted, or communicated with M, despite their ability to do so, and that they do not

plan on doing so. The probate court dismissed their petition for lack of jurisdiction and failure to state a statutory basis for termination.

We agree with petitioners that the probate court had jurisdiction over the child, who is, in fact, a ward of the court. MCL 712A.2; MSA 27.3178(598.2). However, we find petitioners lacked standing to bring the petition in this case.

MCL 712A.19b(1); MSA 27.3178(598.19b)(1) provides:

> Except as provided in subsection (4), if a child remains in foster care in the temporary custody of the court following a review hearing under section 19(3) of this chapter or a permanency planning hearing under section 19a of this chapter or if a child remains in the custody of a guardian or limited guardian, upon petition of the prosecuting attorney, child, guardian, custodian, or agency, the court shall hold a hearing to determine if the parental rights to a child should be terminated and, if all parental rights to the child are terminated, the child placed in permanent custody of the court.

While the words of a statute must be given their ordinary construction according to their common and approved usage, MCL 8.3a; MSA 2.212(1); *State ex rel Wayne Co Prosecuting Attorney v Levenburg,* 406 Mich 455; 280 NW2d 810 (1979), this Court may also refer to the legislative intent in passing the statute to find an appropriate interpretation. *Crawford v School Dist No 6,* 342 Mich 564, 568; 70 NW2d 789 (1955).

In this case, the specific language of the statute requires that a petition to terminate parental rights be brought by the prosecuting attorney, child, guardian, custodian, or agency. When a statute designates the persons who may bring a

claim, only the persons so designated have the right to bring such an action. 59 Am Jur 2d, Parties, § 22, p 409. Our conclusion that parents lack standing to petition for termination is consistent with the intent of the Legislature, because the statute was clearly enacted for the protection of children, rather than for the convenience of parents.

M has apparently done very well in foster care. She is a good student and has the potential to become a fine adult once she overcomes the traumatic events of her childhood. The probate court has ordered counseling for petitioners and for M. Hopefully petitioners will honor their commitment and avoid contempt of court by working with M in a therapeutic setting to resolve this tragic situation.

Affirmed.