**GLORIA DEI LUTHERAN CHURCH— MISSOURI SYNOD, Respondent,**

v.

**GLORIA DEI LUTHERAN CHURCH OF COLD SPRING, MINNESOTA, et al., Appellant.**

**No. C2–93–1540.**

Court of Appeals of Minnesota.

March 22, 1994.

John R. Koch, Reichert, Wenner, Koch & Provinzino, St. Cloud, for appellant.

Denis E. Hynes, St. Cloud, for respondent.

Considered and decided by HARTEN, P.J., and KLAPHAKE and PETERSON, JJ.

## OPINION

PETERSON, Judge.

This appeal arises out of a dispute among the members of appellant Gloria Dei Lutheran Church of Cold Spring. Members who want appellant to remain affiliated with the Missouri Synod incorporated respondent Gloria Dei Lutheran Church—Missouri Synod. Respondent then brought an action against appellant for equitable relief under the Minnesota nonprofit corporation act.

Appellant argues that because respondent was not a member of appellant and therefore lacked standing to bring an action against appellant under the Minnesota nonprofit corporation act, the district court erred in granting respondent's summary judgment motion. We agree and reverse.

## FACTS

Appellant Gloria Dei Lutheran Church of Cold Spring was incorporated as a nonprofit corporation in 1964. Appellant's constitution affiliated the church with the Missouri Synod and created baptized, communicant, and voting membership classes. The constitution could be amended by a two-thirds majority vote of the members present at a voters' assembly. The constitution stated that if a membership division occurred because of a doctrinal dispute, the church's property would remain with the members who adhered to the doctrine contained in article III. If a membership division occurred for a non-doctrinal reason, then the property would remain with a majority of the members. Finally, the constitution provided that all doctrinal matters would "be decided only by the Word of God" but that all other matters would be decided by majority vote.

On January 5, 1992, appellant's pastor and 45 of its 313 communicant members voted to sever the church's affiliation with the Missouri Synod. This group then notified the Missouri Synod that the church's affiliation with it was severed even though no vote to amend the church's constitution had been taken. The church members who wanted to remain affiliated with the Missouri Synod incorporated respondent. Respondent sought a declaratory judgment that the January 5, 1992 vote violated the church constitution. The district court dismissed this action on grounds that the January vote was preliminary and, thus, had not violated the church's constitution. The court found, however, that appellant's constitution would have to be amended to sever its affiliation with the Missouri Synod.

In May 1992, proposed constitutional amendments were given to church members at a voters' assembly but no vote was taken. In June 1992, a special meeting was called for the members to vote on the constitutional amendments but again no vote was taken. Instead, the church's constitution committee introduced a resolution stating that a division had occurred in the church and that the church's property should be given to the members who wanted to end the church's affiliation with the Missouri Synod. This resolution passed by a vote of 69–61.

Respondent then filed an unlawful detainer action. The court dismissed this action on grounds that until a final division of the church took place, neither group was entitled to exclusive possession of the church's property. Although several voters' assemblies have been held since June 1992, no vote on the constitutional amendments has ever been taken.

Consequently, in February 1993, respondent brought an action seeking equitable relief under Minn.Stat. § 317A.751, subd. 3 (1992), the Minnesota nonprofit corporation act. Specifically, respondent sought an order

requiring that a vote of division be taken and that only members of appellant who were members on January 5, 1992 be allowed to vote. Respondent made a motion for summary judgment and appellant made a motion to dismiss.

The district court granted respondent's motion for summary judgment and denied the motion to dismiss. The court found that respondent had standing to sue under Minn. Stat. § 317A.751, subd. 3 because its members were members of appellant. The court held that it could intervene in the dispute under Minn.Stat. § 317A.751, subd. 3(2) because the congregation's failure to vote on the constitutional amendments constituted unfair prejudice to respondent's members. The court stated that a vote to amend the constitution was necessary to sever appellant's affiliation with the Missouri Synod and thereby distribute the church's property. The court relied on its authority under Minn. Stat. § 317A.751, subd. 3 to order such a vote and to limit the eligible voters to only those members of appellant who were members on January 5, 1992.

## ISSUE

Did the district court err in concluding respondent had standing to bring this action against appellant under Minn.Stat. § 317A.751, subd. 3 (1992)?

## ANALYSIS

On appeal from a motion for summary judgment, we must examine the record to determine whether any genuine issues of material fact exist and whether the trial court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988).

"Standing is a jurisdictional question to be determined by this court." *In re Implementation of Util. Energy Conservation Improvement Programs*, 368 N.W.2d 308, 312 (Minn.App.1985).

[T]he fundamental aspect of standing is that it *focuses on the party* seeking to get his complaint before a * * * court and *not on the issues* he wishes to have adjudicated.

*Sundberg v. Abbott*, 423 N.W.2d 686, 688 (Minn.App.1988) (emphasis and alteration in original) (quoting *Flast v. Cohen* 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968)), *pet. for rev. denied* (Minn. June 29, 1988). Standing may be conferred by statute. *In re Sandy Pappas Senate Comm.*, 488 N.W.2d 795, 797 (Minn.1992).

Respondent brought this action under Minn.Stat. § 317A.751, subd. 3 (1992) which provides:

A court may grant equitable relief in an action by a director or at least 50 members with voting rights or ten percent of the members with voting rights, whichever is less.

A member is "a person with membership rights in a corporation under its articles or bylaws, regardless of how the person is identified." Minn.Stat. § 317A.011, subd. 12 (1992).

Appellant argues that since respondent is not one of its members, respondent has no standing to bring an action against it under Minn.Stat. § 317A.751, subd. 3. We agree. In some circumstances, an organization has standing to bring suit on behalf of its members. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977); *No Power Line, Inc. v. Minnesota Envtl. Quality Council*, 311 Minn. 330, 334, 250 N.W.2d 158, 160 (1976). But when the words of a statute are clear and unambiguous, we must give effect to the plain meaning of the language. *Tuma v. Commissioner of Economic Sec.*, 386 N.W.2d 702, 706 (Minn.1986).

The plain language of Minn.Stat. § 317A.751, subd. 3 provides that a "court may grant equitable relief in an action by a director or * * * members with voting rights."

When a statute designates the persons who may bring a claim, only the persons so designated have the right to bring such an action.

*In re Swope*, 190 Mich.App. 478, 476 N.W.2d 459, 460 (1991); *see also Basich v. Board of Pensions of Evangelical Lutheran Church in Am.*, 493 N.W.2d 293, 296 (Minn.App.1992) (only members of nonprofit corporation, as

defined in corporation's articles, had standing to bring derivative action against corporation); *Fish Hook Ass'n, Inc. v. Grover Bros. Partnership,* 417 N.W.2d 692, 695 (Minn.App. 1988) (association did not have standing to assert claims of individual members).

Respondent is neither a member nor a director of appellant. Thus, respondent had no standing to bring an action against appellant under Minn.Stat. § 317A.751, subd. 3.

Given our decision that respondent lacked standing to bring this action, we do not reach the other issues appellant raised on appeal.

## DECISION

Since respondent was neither a member nor a director of appellant, respondent had no standing to bring an action for equitable relief under Minn.Stat. § 317A.751, subd. 3 (1992).

**Reversed.**